AO 245D (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocations

# United States District Court

## District of Minnesota

UNITED STATES OF AMERICA
v.

**JOEL L. NUDELMAN**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Supervised Release)
Case Number: **00CR222(1) (JNE/SRN)**
USM Number: **09569-041**
Social Security Number: **5625**
Date of Birth: **1941**

**LARRY RAPOPORT**
Defendant's Attorney

**THE DEFENDANT:**

[**x**] admitted guilt to violation of condition(s): **2, 6, 9** of the term of supervision.
[] was found in violation of condition(s) after denial of guilt.
The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| #2 | Failed to report his income truthfully | July, 2006 |
| #6 | Solicited investor funds | |
| #9 | Associated with a known felon without permission | July, 2006 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has not violated condition(s) and is discharged as to such violation(s) condition.

It is ordered that the defendant **must** notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**February 1, 2007**
Date of Imposition of Judgment

s/ Joan N. Ericksen
Signature of Judge

**JOAN N. ERICKSEN**, United States District Judge
Name & Title of Judge

February 5, 2007
Date

DEFENDANT: JOEL L. NUDELMAN
CASE NUMBER: 00CR222(1) (JNE/SRN)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **three (3) months**.

[] The court makes the following recommendations to the Bureau of Prisons:

[] The defendant is remanded to the custody of the United States Marshal.

[**x**] The defendant shall surrender to the United States Marshal in **Santa Ana, California located at 411 West 4th Street, Santa Ana, California**
[**x**] at **9:00 a.m.** on Monday, **February 12, 2007.**
[] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] **before on .**
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_______________________________________________

_______________________________________________

_______________________________________________

Defendant delivered on _________________ to _________________________

at _____________________ , with a certified copy of this judgment.

_________________________
United States Marshal

By _________________________
Deputy United States Marshal

DEFENDANT: JOEL L. NUDELMAN
CASE NUMBER: 00CR222(1) (JNE/SRN)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **thirty-three (33) months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

[] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[] The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOEL L. NUDELMAN
CASE NUMBER: 00CR222(1) (JNE/SRN)

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d All original conditions of the defendant's supervised release are reimposed.

e The defendant shall not engage, as a whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs, or any other business involving the solicitation of funds or cold-call to customers without the express approval of the Probation Officer prior to engagement of such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

f The defendant shall not accept any position of employment or engage in any business activity without the prior approval of the Probation Officer.

g The defendant shall maintain one personal checking account. All of the defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any loan business accounts, shall be disclosed to the Probation Officer upon request.

h The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without the approval of the Probation Officer until all financial obligations imposed by the court have been satisfied in full.

i As directed by the Probation Officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligations.

j All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be submitted to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without the prior approval of the Probation Officer. Further, the defendant shall provide all bills records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer.